# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

### OF THE STATE OF NEW-JERSEY,

### APRIL TERM, 1843.

JAMES THOMPSON v. GEORGE ENGLE and others.

The court will not by injunction protect a party who has been erroneously put into possession of land under a writ of restitution, especially where his title has not been established at law.

It seems that a party has no right to a discovery, nor to the production of title deeds relating alone to his adversary's title.*

The purchasers of real estate are entitled to be heard before any decree is made impeaching the validity of the sale under which they claim title.

Where a right has been repeatedly established at law, or where the same right is subject to be controverted by different persons, a court of equity may put an end to litigation by restraining suits at law and settling the whole controversy, or if need be, by directing a single trial at law.

But the court will not interfere to quiet the possession of a party, where there has been no trial of the right at law, and where there is but one adverse claimant.

*W. Halsted,* for complainant.

The defendant will be required to produce the deed on which his title rests: 1 *Hopkins,* 143; 2 *Haywood,* 226; 1 *Paige,* 384; 2 *Eq. Dig.* 46.

---

* See *Wigram on Discovery,* sec. 31, 32; 2 *Story's Eq.* sec. 1490, note 3.

[Thompson v. Engle et al.]

Under the general prayer of the bill of complaint, the court can order the deed to be cancelled: *Mitford's Pl.* 31, 37; 5 *Vesey,* 405; *Beames' Pleas,* 314; 14 *Vesey,* 33; 1 *Russell,* 559; 17 *Vesey,* 111; 1 *Vesey and B.* 244; 14 *Vesey,* 72; 10 *Vesey,* 200.

The claim of Engle may be adjusted and settled upon this bill: 5 *Paige,* 493.

The complainant should be quieted in his possession: 8 *Cranch,* 462, 468; 2 *John. Chan.* 525; 2 *Eq. Dig.* 99, 101, 104.

The sale made by virtue of the orphans' court, should be set aside. The administrator by whom the sale was made, was interested in the purchase: 8 *Cowen,* 362; 8 *Wheaton,* 421; 5 *Vesey,* 767; 8 *Vesey,* 337, 343; 3 *Paige,* 178; 2 *Hals.* 175; 6 *Hals.* 391; *Coxe,* 16; 1 *Mod. Chan.* 91; 1 *Har. and Gill.* 61.

The order of the orphans' court, directing the sale, was obtained by fraud: *Saxton,* 260; 2 *John. Chan.* 62.

The orphans' court had no jurisdiction of the case. There were no debts to be paid: 6 *Hals.* 343.

The orphans' court have no authority to direct a sale of lands which have escheated to the state: 14 *East.* 13, 14; 1 *Black. Com.* 261; 1 *Hen. and Mun.* 85; 6 *Hals.* 1; 3 *Cranch,* 73; 12 *Wheaton,* 540; 8 *Wheaton,* 253; *Cruise's Dig.* " *Escheat;*" 4 *Kent's Com.* 421; *Saxton,* 518, 260; 5 *Cranch,* 173; 10 *Peters,* 449; 17 *John.* 145; 11 *Mass.* 264.

*A. O. Zabriskie,* for defendants.

The jurisdiction of this court does not extend to a case where the whole question is one of title: 2 *Eq. Dig.* 28; *Jeremy's Eq.* 258; 2 *Vesey,* 122; 1 *Dess.* 109; 1 *John. Chan.* 111; 2 *Ibid,* 524; 3 *Ibid,* 302.

The court will only compel a discovery or the production of title deeds, relating to a party's own title, and not to his adversary's: *Cooper's Eq.* 58; 2 *Eq. Dig.* 49.

The decree of the orphans' court is conclusive in this court: 3 *Harr.* 73.

[Thompson v. Engle et al.]

THE CHANCELLOR.   The bill in this case, presents a complicated state of facts, and seeks various kinds of relief.   It relates to the estate of John G. Leake, who died in the year eighteen hundred and twenty-seven, possessed of considerable real property in the county of Bergen.   This property, it was supposed, escheated to the state, from a failure of heirs capable of inheriting it, and trustees were accordingly appointed by the legislature to take it in charge.   After a short time, claimants presented themselves for the lands, representing that they were the heirs at law, and entitled to the inheritance.   The legislature not being able to ascertain the truth of these various applications, in the year eighteen hundred and thirty-seven, appointed commissioners, with power to investigate the subject, and with direction to the attorney general, in case they decided in favor of any applicant, to release to him all the right of the state in the lands, upon payment of the costs and expenses, which the state had paid or was liable for.   By this decision, the state, and all the applicants who came before the commissioners, were, by the terms of the act, to be bound.   The commissioners met and decided in favor of the complainant, as the heir at law of John G. Leake, and the attorney general released to him, accordingly, all the right and title of the state.   Not being able to accommodate the bill of charges claimed by the trustees under the state, (the same not being satisfactory, as presented,) the expedient was adopted, of releasing the lands by the attorney general, subject to this claim for costs and charges, when finally ascertained.   This is the position of the complainant.

John Engle, the defendant, was the acting trustee on the part of the state, for these lands, and was also administrator of the Leake estate, appointed by the orphans' court of the county of Bergen.   As administrator, he obtained an order of the said orphans' court, and sold certain portions of the land to Merselis J. Merselis, and to a Mr. Townsend, which the purchasers went into possession of, and have occupied ever since.   A part of Merselis's purchase he sold to Engle, subsequently, and it is alleged, upon a fraudulent contract, entered into at the time he purcha-

sed. There is also a tract of seventeen acres, which the defendant, Engle, is still in possession of, claiming according to his answer, under a title adverse to the complainant's.

Upon the release made by the attorney general, of the right of the state in the Leake lands, to the complainant, he was put into possession of all of them, except such as had been sold to Merselis and Townsend, and the seventeen acre tract. The property being thus circumstanced, Engle, as the bill charges, caused suits in ejectment to be brought against the tenants of the complainant, who ignorantly suffered judgment to pass against them; but the supreme court, on application made to them, and the true state of facts being made known, ordered restitution to be made to the tenants of the complainant, of the lands which had thus been taken from them, under the ejectment suits. In making restitution, however, under the complainant's direction, they gave him the possession of the seventeen acre tract, which, in fact, had never been claimed by Engle, in the suits in the supreme court, but which he had been long in the possession of, before the suits were brought. The complainant, therefore, obtained by his motion, not only restoration of all he had lost under the ejectments, but he got the possession of another tract, entirely, the seventeen acre tract. Engle was proceeding to have this matter rectified by application to the supreme court, when the complainant filed this bill.

The object of the bill is,

1. To restrain the defendant, Engle, from further proceeding in the supreme court, to be reinstated in his possession of the seventeen acre tract.

2. To procure an inspection of the deed under which Engle claims title to the seventeen acre tract.

3. For an account of the rents and profits received by Engle, as trustee under the state, and for a settlement and discharge of his claim as trustee, against the estate.

4. That the sale made of the lands under an order of the orphans' court, may be set aside as fraudulent and void.

5. For an account for waste committed on the lands.

[Thompson v. Engle et al.]

6. That complainant may be quieted in his possession.

Without forming any favorable opinion of the course pursued by the defendant, Engle, in reference to this estate, I still think there is no propriety in the present bill. To grant relief in such a case, would violate the settled practice of the court.

The great object of the bill, no doubt, was to obtain the injunction, and thus retain the possession of the seventeen acre tract. The injunction was granted upon the *ex parte* view presented by the bill, but after further consideration and knowledge of the facts, it was dissolved. The application for the injunction was clearly wrong. The complainant had, by his writ of restitution, been placed in possession of land which had never been taken from him, and the defendant was entitled to have that matter set right.

The great difficulty in the way of the complainant is, that his title to the property is denied by the defendant, and has never been established at law. I speak now, particularly of the seventeen acre tract; nor, indeed, has he ever had the possession of it, except for a short time, under the writ of restitution. Before the complainant can call the defendant in question respecting this lot, he must establish his title at law. The act of the legislature, constituting a commission to ascertain the heirs to this estate, and the subsequent release of all the rights of the state by the attorney general, did not, necessarily, give a title to the complainant ; it was nothing more than a relinquishment of the claim on the part of the state, and it was expressly provided by the act itself, it would seem, that the state and such claimants only as came before the commissioners, should be affected by their decision. It would, upon no principle, be justifiable, to bind parties not before the commissioners, nor did the legislature intend so to do. The defendant says, in his answer, that he claims the seventeen acre tract by an adverse title, and that he is in possession. If the complainant has a right to this lot, the courts of law are open to him, and he must take that course.

The prayer for the inspection of the deed, under which Engle

claims title to the seventeen acre tract, has been complied with, without opposition, and therefore no difficulty exists on that part of the case. I must not be understood, however, as sanctioning the principle, that a party has a right to the production of deeds which relate alone to the adversary's own title. In *Cooper's Eq.* 58, it is said that the plaintiff shall have a discovery of so much as relates to his own title, and shall not pry into that of the defendant.

The release of the right of the state, can only discharge the interest in the lands from that time, and therefore I see no propriety in the complainant's having an account from Engle during the time he had the possession of the lands as trustee. After the release, the complainant had the possession, and before that, Engle acted as a trustee for the state, and as such must account to the state and not to the complainant. So also the claim of Engle for his compensation and expenses as trustee, is with the state, and must be settled in his account for the rents and profits. It is one account. On the one side, he will be charged for the rents and profits of the estate in his hands, and on the other, credited with the expenses and his compensation as trustee.

As to that part of the prayer of the bill which seeks to set aside the proceedings in the orphans' court, and a sale of a portion of the property to Merselis and to Townsend, it is a sufficient answer, that the proper parties are not before the court. Merselis is named as a defendant in the bill, but he was never brought before the court by subpœna, and at his death, which occurred since the commencement of this suit, the complainant went on without making his heirs or representatives parties. These purchasers are entitled to be heard before any decree is made impeaching the validity of the sale under which they claim title.

The last prayer asks that the complainant may be quieted in his possession. Such prayer can have no application to a case like this. Where a right has been repeatedly established at law, or where the same right is subject to be controverted by a great

[Thompson v. Engle et al.]

many persons, a court of equity will, in some cases, put an end to strife and litigation, by restraining suits at law, and settling the whole case at once, or if need be, by directing a single trial at law. But here there has been no trial of the right at all, nor are there any other parties involved than the complainant and the defendant, Engle: 2 *Story's Eq.* 147.

As the complainant has not been able to satisfy me of his right to relief on the grounds on which it is sought, I must dismiss the bill, with costs.

Decree accordingly.